**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**David Kelly CARTER, Respondent.**

No. 98–SC–1137–KB.

Supreme Court of Kentucky.

March 25, 1999.

Jay R. Garrett, Kentucky Bar Association, Frankfort, KY, for complainant.

David Kelly Carter, Bowling Green, KY, for respondent.

**ORDER OF SUSPENSION**

The instant action involves the failure of Respondent, David Kelly Carter, to refrain from the practice of law during the time he was suspended for failure to comply with the continuing legal education requirement of SCR 3.661.

Prior to the end of the 1997 educational year, the Bar Association thrice notified Respondent that he lacked the minimum annual CLE requirements for the year. He failed to respond to any of these notices and failed to satisfy the requirement. Following the

close of the educational year, the CLE Commission twice more contacted Respondent about his deficiency.

When Respondent failed to respond or to take any action to remedy the situation, this Court, at the Commission's request, issued an order directing him to show cause by December 1, 1997, why he should not be suspended from the practice of law for his failure to meet the minimum CLE requirement. He did not respond to the order.

On December 11, 1997, the Commission moved this Court to enter an order of suspension. Respondent tendered an untimely response to that motion on January 5, 1998, but the Clerk returned the response to him because of its tardiness. Respondent filed no motion for leave to file a late response. On January 22, 1998, this Court entered an Order suspending Respondent from the practice of law in this Commonwealth until such time as he cured his CLE deficiency, applied for reinstatement, and was granted reinstatement.

On March 9, 1998, following his suspension, Respondent filed a motion for reduction of child support on behalf of a client in the Warren Circuit Court. On March 25, 1998, he filed a renotice of the motion, and on April 9, 1998, he appeared before Judge John D. Minton to represent his client on the motion. Judge Minton notified the Bar Association that Respondent was representing his client in court after having been suspended from the practice of law.

On April 29, 1998, the Inquiry Tribunal issued a complaint, which was hand-delivered to Respondent on June 10, 1998, charging him with practicing law on a suspended license and requiring him to file a response within fifteen days of service. Respondent filed no response. The Bar Association then filed a two-count charge against Respondent on August 12, 1998. Count I charged him with practicing on a suspended license in violation of SCR 3.130–5.5(a), and Count II charged him with failing to respond to the Inquiry Tribunal Complaint served on him in June of 1998, in violation of SCR 3.130–8 .1(b).

Respondent filed a response to the charge, stating as to Count I that, when he filed the motion for reduction in child support on behalf of his client, he did not know he had been suspended, but rather, thought the show-cause motion was still pending. As to Count II, Respondent stated that he did not understand the document that was delivered to him in June of 1998 was a complaint which required a response.

The inquiry tribunal determined that the Charge and Response raised only questions of law, and the case was submitted to the Board of Governors on the record. The Bar Association submitted a brief to the Board, but Respondent did not. The Board found Respondent guilty of both counts and recommended that Respondent be suspended for a six (6) month period on the two combined counts and be required to pay the costs of the action.

Respondent's lack of concern about his own suspension and his total disregard for the procedure and rules of this Court are disturbing. For this reason, we adopt the Board's recommendation that Respondent be suspended from the practice of law for a period of 180 days for his violation of SCR 3.130–5.5(a) and SCR 3.130–8.1(b).

Wherefore, it is ORDERED that:

1. David Kelly Carter is hereby suspended from the practice of law for one hundred eighty (180) days for his professional misconduct described above.

2. Said 180–day suspension is to run consecutively to Respondent's suspension for his failure to comply with the Court's CLE requirement. That is to say, the 180–day suspension we impose today shall not begin to run until such time as Respondent, upon compliance with the continuing legal education requirements of SCR 3 .661, applies for and is granted reinstatement from his previous suspension.

3. Pursuant to SCR 3.510(2), Respondent's one hundred eighty (180) day suspension shall expire by its own terms upon the filing with the Clerk and Bar Counsel of an affidavit of compliance with the terms of the suspension, unless Bar Counsel files an opposition to the termination of suspension with

the Inquiry Commission pursuant to SCR 3.510(2).

4. In accordance with SCR 3.450(1), David Kelly Carter is directed to pay the costs of these proceedings in the amount of $309 .00, for which execution may issue from this Court upon finality of this opinion and order.

5. In accordance with SCR 3.390, David Kelly Carter shall, within ten (10) days of entry of this order, notify all clients of his inability to represent them and furnish copies of said letters of notice to the Director of the Kentucky Bar Association. He shall also provide such notification to all courts in which he has matters pending.

All concur.

ENTERED: March 25, 1999.

/s/Joseph E. Lambert
  Chief Justice