**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Michael R. McDONNER, Respondent.**

**No. 2012–SC–000196–KB.**

Supreme Court of Kentucky.

June 21, 2012.

---

### *OPINION AND ORDER*

The Board of Governors (Board) of the Kentucky Bar Association (KBA) recommends this Court suspend Michael R. McDonner from the practice of law for one hundred and eighty-one days and set the suspension to run consecutively to his current suspension. Finding sufficient cause to do so, we adopt the Board's recommendation. McDonner, whose KBA number is 90161 and whose bar roster address is 10016 Glenmeadow Drive, Louisville, Kentucky 40241,[1] was admitted to the practice

---

1. Alternate address: 2900 Boxhill Court, Prospect, Kentucky 40059.

of law in the Commonwealth of Kentucky on April 30, 2004.

McDonner was suspended from the practice of law on August 27, 2009 for failing to complete the CLE requirements for the 2007–2008 educational year. McDonner was then also suspended from the practice of law by the United States District Court for the Western District of Kentucky. Due to the Office of Bar Counsel's objection to McDonner's automatic reinstatement, McDonner was never restored to the practice of law. On September 22, 2011, based on misconduct that occurred before and after his suspension, this Court suspended McDonner for sixty days and ordered him to complete the KBA Ethics and Professional Enhancement Program (EPEP) within the year.

## KBA File 18959

Despite his suspension on August 27, 2009, McDonner continued to practice law. He sent letters on his firm's letterhead regarding a case pending in state court, *Robert Byers v. Ky. Dept. of Corrections*, 09–CI–00329, and he continued to represent a client, CorrectCare, in several cases before the U.S. District Court for the Western District of Kentucky by participating in telephone conferences, electronically signing a consent form, and being listed as both the attorney of record and in the signature block on pleadings. Then, in the spring of 2010, McDonner ceased communicating with CorrectCare and also failed to notify CorrectCare when he left his firm.

The Inquiry Commission issued a complaint against McDonner on December 8, 2010 and, after an investigation, issued a seven-count charge against him on November 16, 2011. McDonner failed to respond to the complaint, a reminder letter or the charge, all of which were served upon him by the Sheriff. Having received no response from McDonner, the matter was submitted to the Board as a default case, pursuant to SCR 3.210(1). The charge alleged McDonner violated Supreme Court Rules (SCR) 3.130(1.4)(a) and (b) (failing to respond and inform); SCR 3.130(3.4)(c) (disobeying obligation under the rules tribunal); SCR 3.130(5.5)(a) (practicing law while suspended); SCR 3.130(5.5)(b) (maintaining an office and holding out admission to practice while suspended); SCR 3.130(8.1)(b) (failing to respond to disciplinary action); and SCR 3.175(1)(a) (failing to maintain current address). The Board unanimously found McDonner guilty on all seven counts. Taking into consideration McDonner's prior suspensions, the Board recommends the Court suspend McDonner for one hundred and eighty-one days and set the suspension to run consecutively to his current suspensions.

The Board's recommended sanction is consistent with discipline this Court has imposed in comparable cases. For example, in *Kentucky Bar Association v. Burlew*, 198 S.W.3d 585 (Ky.2006), the attorney who, like McDonner, was already suspended for failure to pay Bar dues and meet CLE requirements and who had a disciplinary history, received a one hundred and eighty-one day suspension for undertaking representation without a license, abandoning a client and failing to return fees. In *Kentucky Bar Association v. Carter*, 986 S.W.2d 448 (Ky.1999), the Court imposed a one hundred and eighty day suspension on an attorney who, also like McDonner, continued to practice law while his license was suspended for failure to complete CLE requirements and who failed to respond to the disciplinary action.

Having reviewed the record and the relevant law, we agree with the Board's findings and adopt its recommendations. Therefore, it is hereby ORDERED:

1. Michael R. McDonner is suspended from the practice of law in the Commonwealth of Kentucky for one hundred and eighty-one days, effective upon the date of entry of this Order;

2. This suspension shall run consecutively to McDonner's current suspensions;

3. Pursuant to SCR 3.390, McDonner shall promptly take all reasonable steps to protect the interests of his clients, including, within ten days after the issuance of this order, notifying by letter all clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel and notifying all courts or other tribunals in which he has matters pending. McDonner shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel;

4. Pursuant to SCR 3.390, McDonner shall immediately cancel any pending advertisements, shall terminate any advertising activity for the duration of the term of suspension, and shall not allow his name to be used by a law firm in any manner until he is reinstated;

5. Pursuant to 3.390, McDonner shall not, during the term of suspension, accept new clients or collect unearned fees;

6. Pursuant to SCR 3.450, McDonner is directed to pay all costs associated with these disciplinary proceedings, in the amount of $603.53, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: June 21, 2012.

/s/ John D. Minton, Jr.
    Chief Justice