KENTUCKY BAR ASSOCIATION,
Movant

v.

Ronald E. THORNSBERRY,
Respondent.

No. 2013–SC–000718–KB.

Supreme Court of Kentucky.

Nov. 21, 2013.

## OPINION AND ORDER

Respondent, Ronald E. Thornsberry, KBA Member No. 85555,[1] has been charged in KBA File 21272 of violating Count I: SCR 3.130–5.5(a) (a lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction); Count II: SCR 3.130–5.5(b) (a lawyer who is not admitted to practice in this jurisdiction, including a lawyer under suspension, shall not establish or maintain an office or other presence in this jurisdiction for the practice of law or hold out to the public or otherwise represent that he is admitted to practice law in this jurisdiction); Count III: SCR

_____

1. Respondent maintains a bar roster address of 2220 Executive Drive, Suite 102, Lexington, Kentucky 40505.

3.130–8.1(b) (a lawyer shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority"); and Count IV: SCR 3.175(1)(a) (a lawyer shall maintain with the Director a current address at which he may be communicated with by mail and shall upon a change of address notify the Director within 30 days.) This matter arises out of Respondent's representation of a client after he was suspended from the practice of law. The Board of Governors found Respondent guilty on all four counts by a vote of 19–0. The Board recommends that Respondent be suspended from the practice of law for 181 days, to run consecutively to his current suspensions.

For the reasons explained below, we adopt the Board's findings of guilt and accept its proposed sanction of a 181–day suspension from the practice of law, to run consecutively with Respondent's present suspensions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Despite having been suspended from the practice of law for the nonpayment of his 2010–2011 bar dues on March 7, 2011, Respondent continued to practice law. Respondent represented the plaintiff in *Ethel Thornsberry v. Berek Weiss, M.D.,* Perry Circuit Court, Civil Action No. 11–CI–68. His participation in this case included:

- On July 28, 2011, utilizing Thornsberry Law Office letterhead, Respondent wrote a letter to defendant's counsel which included his bar roster address in the signature block of the pleadings.
- On November 1, 2011, Respondent emailed defendant's counsel a status update on his client's responses to discovery requests.
- On March 19, 2012, Respondent's client was deposed at his law office,

located at his bar roster address, and Respondent appeared for the deposition.

- On September 27, 2012, Respondent moved the Perry Circuit Court for an extension of time to provide expert reports.

Based on Respondent's conduct in representing the plaintiff in this case, after he was suspended from the practice of law, the Inquiry Commission issued the four count charge against Respondent.

Additionally, because Respondent failed to update his bar roster address after he moved his law office in June 2012, the Inquiry Commission's attempt to serve Respondent with the complaint was unsuccessful. Instead, service was made by the Executive Director, agent for service of process. The Office of Bar Counsel eventually learned that Respondent had moved his law office and he was served at his home address by the Fayette County Constable's office on March 2013. Respondent did not respond to the complaint. Again the Fayette County Constable served Respondent with the Inquiry Commission's charge on June 12, 2013. Respondent signed acknowledging receipt of the charge. He however never filed an answer to the charge.

## II. ASSESSMENT OF GUILT

Having reviewed the record in this case and finding that the Board's conclusions are supported by the evidence, and because neither Respondent nor the KBA has filed for a notice of review in this Court, we adopt the Board's recommendations pursuant to SCR 3.370(9). SCR 3.370(9) provides that "[i]f no notice of review is filed by either of the parties, or the Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial

Commissioner, whichever the case may be, relating to all matters."

## III. ASSESSMENT OF PUNISHMENT

We note that Respondent has a substantial prior disciplinary history. In addition to his suspension for failing to pay bar dues for the 2011 fiscal year, Respondent was also suspended on October 27, 2011 for thirty days and ordered to attend the Ethics and Professionalism Enhancement Program for violation of SCR 3.130–1.3, SCR 3.130–1.4(a)(3), SCR 3.130–1.4(a)(4), SCR 3.130–3.4(c), SCR 3.130–5.5(a), SCR 3.130–1.16(d), SCR 3.130–8.1(a), and SCR 3.130–8.4(c). On May 21, 2012, he was suspended for sixty-one days for violation of SCR 3.130–1.3, 3.130–1.4(a)(3), SCR 3.130–1.4(a)(4), SCR 3.130–1.16(d) and SCR 3.130–8.1(b). On September 20, 2012, he was suspended for 181 days for violation of SCR 3.130–1.3, 1.4(a)(3) and (4), SCR 3.130–1.4(b), SCR 3.130–1.16(d) and SCR 3.130–8.1(b). Finally, on June 20, 2013, he was suspended for two years for violation of SCR 3.130–5.5(a), SCR 3.130–5.5(b), and 3.130–8.4(c).

Given Respondent's history and the seriousness of the present violations, and pursuant to SCR 3.370(9) we adopt the Board's recommendation and hereby suspend Respondent from the practice of law in the Commonwealth for 181 days, to run consecutively to his current suspensions.

Accordingly, it is hereby ordered that:

1) Respondent, Ronald E. Thornsberry, KBA Number 85555, is adjudged guilty of violating SCR 3.130–5.5(a), SCR 3.130–5.5(b), SCR 3.130–8.1(b), SCR 3.175(1)(a) as charged in KBA File 21272;

2) Respondent is suspended from the practice of law in Kentucky for 181 days, to run consecutively to all suspensions currently imposed;

3) Pursuant to SCR 3.390, Respondent shall, within ten days from the entry of this Opinion and Order, notify any current clients in writing of his suspension; and he shall notify, by letter duly placed with the United States Postal Service, all courts in which he has matters pending of his suspension. Respondent shall furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Respondent shall immediately cancel and cease any advertising activities in which he is engaged; and

4) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $408.74, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: November 21, 2013.

/s/ John D. Minton, Jr.
    Chief Justice