TO BE PUBLISHED

# Supreme Court of Kentucky

## 2013-SC-000765-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                          IN SUPREME COURT


BRIAN PATRICK CURTIS                                    RESPONDENT


## OPINION AND ORDER

Brian Patrick Curtis, KBA No. 88393, was admitted to the practice of law in the Commonwealth of Kentucky on October 23, 2000, and his bar roster address is listed as 101 N. 7th Street, Louisville, Kentucky, 40202. The Board of Governors (Board) unanimously found Curtis guilty of violating SCR 3.130-1.3, SCR 3.130-3.4(c), SCR 3.130-5.5(a), and SCR 3.130-5.5(b)(2). For these violations the Board recommends, in a split decision, that Curtis: 1) be suspended from the practice of law for ninety days, 2) complete the Ethics and Professionalism Enhancement Program (EPEP) within one year from the date of this Order, and 3) pay all costs associated with this proceeding.

## I. BACKGROUND

On June 21, 2012, Curtis was suspended from the practice of law by Order of this Court, for failing to meet the minimum continuing legal education (CLE) requirement for the year ending June 30, 2011. Curtis had completed only two CLE hours out of the twelve-and-one-half hours required.

While suspended from the practice of law, Curtis continued in the representation of one of his clients, Holly Conway. Specifically, Curtis filed re-docketing request forms with the Jefferson District Court twice in August 2012, and once again in September 2012, in a matter related to Conway's representation.

On November 12, 2012, the Inquiry Commission issued a Complaint against Curtis and sent a copy of the Complaint to him at his bar roster and alternate addresses. Attempted service through the Jefferson County Sheriff revealed that Curtis no longer works or resides at his bar roster address. However, the Sheriff was able to successfully serve Curtis at his alternate address. Curtis did not file a response to the Inquiry Commission's Complaint. Thereafter, on June 5, 2013, the Inquiry Commission filed a formal charge against Curtis, and the charge was sent via certified mail to both of Curtis's addresses. Again, Curtis failed to respond.

In a separate matter, on August 3, 2013, Curtis was barred from practicing before the United States Bankruptcy Court for the Western District of Kentucky for his lack of diligence in bankruptcy cases filed within the prior six months. This delinquency culminated in a case styled *In re: Charles L.*

*Allen.* In *Allen*, Curtis twice failed to follow Orders of the Bankruptcy Court requiring him to file a Schedule of Allowed Claims by certain dates. He also failed to follow an Order that he personally appear at a Show Cause hearing.

Curtis's prior discipline by the Board includes: 1) a Private Admonition on April 2, 2012 for violation of SCR 3.130-1.3 (diligence); 2) a Private Admonition on January 21, 2013 for violation of SCR 3.130-1.4(a)(4) (communication), SCR 3.130-1.16(d) (abandoning representation and not returning file), and SCR 3.130-8.1(b) (knowingly failing to respond); and 3) an order on February 21, 2013 suspending Curtis for sixty days, ordering him to attend EPEP and pay $2,328.25 in restitution to a client for violations of 3.130-1.4(a)(4), SCR 3.130-1.15(b), SCR 3.130-1.16(d), and SCR 3.130-8.1(b). While Curtis did attend EPEP, and the sixty-day suspension period expired, Office of Bar Counsel objected to Curtis's automatic reinstatement because he remained noncompliant with the CLE requirements, failed to pay restitution to a client, failed to pay the cost of attending EPEP, and had other disciplinary matters pending.

## II. CHARGE

The Inquiry Commission issued a charge against Curtis alleging five counts: 1) Count I charges Curtis with violating SCR 3.130-1.3,[1] 2) Count II charges Curtis with violating SCR 3.130-3.4(c),[2] 3) Count III charges Curtis

---

[1] SCR 3.130-1.3 provides in pertinent part that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." The Commission charges that Curtis violated this rule by missing the Bankruptcy Court's two filing deadlines and not appearing as required at the Show Cause hearing.

with SCR 3.130-5.5(a),[3] 4) Count IV charges Curtis with SCR 3.130-5.5(b)(2),[4] and 5) Count V charges Curtis with SCR 3.175(1)(a).[5]

## III. BOARD'S RECOMMENDATION

The Board unanimously voted to find Curtis guilty of Charges I-IV, and not guilty of Charge V. Taking into consideration Curtis's prior disciplinary history, the Order of the Bankruptcy Court, and the applicable law, the Board recommends that he: 1) be suspended from the practice of law for ninety days, 2) re-attend and complete EPEP within one year from the date of this Order; and 3) pay all associated costs of this proceeding. On the matter of the length of the suspension period, the Board was split in its recommendation, with twelve voting to suspend Curtis for ninety days, and eight voting to suspend Curtis for one-hundred-eighty-one days.

---

[2] SCR 3.130-3.4(c) provides in pertinent part that "[a] lawyer shall not knowingly disobey an obligation under the rules of a tribunal . . . ." The Commission charges that Curtis violated this rule by not responding to the Inquiry Commission's Complaint or subsequent charge.

[3] SCR 3.130-5.5(a) provides in pertinent part that "[a] lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so." The Commission charges that Curtis violated this rule by continuing to represent Holly Conway during his suspension from the practice of law.

[4] SCR 3.130-5.5(b)(2) provides in pertinent part that "[a] lawyer who is not admitted to practice in this jurisdiction shall not . . . hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction." The Commission charges that Curtis violated this rule by representing a client while suspended from the practice of law.

[5] SCR 3.175(1)(a) provides in pertinent part that "each attorney licensed by the Supreme Court to practice law in this Commonwealth shall . . . maintain with the [Director of the Kentucky Bar Association] a current address at which he or she may be communicated with by mail, the said address to be known as the member's Bar Roster address, and shall upon a change of that address notify the Director within thirty (30) days of the new address . . . ." The Commission charges that Curtis violated this rule by failing to maintain a current Bar Roster address.

4

## IV. DISCIPLINE

Pursuant to SCR 3.370(8),[6] and noting the closely split decision of the Board, this Court notified Bar Counsel and Respondent that we would be reviewing the Board's decision, giving Bar Counsel and Respondent thirty days to file briefs. Once again, Curtis was unresponsive, and failed to file a brief in his defense.

After considering Bar Counsel's brief, Curtis's disciplinary history, his multiple offenses, and his continuing failure to respond in this matter, we conclude that the following disciplinary measures are proper: 1) suspension from the practice of law in the Commonwealth of Kentucky for one-hundred-eighty days, 2) re-attendance and completion of EPEP, and 3) payment of all costs associated with this proceeding.

We believe it is appropriate to increase the Board's recommended suspension in light of Curtis's continued failure to respond during these proceedings, and particularly in light of his failure to take advantage of the extended time granted by this Court for him to show cause why he should not be suspended for his violations.

Our recommendation is consistent with *Kentucky Bar Association v. McDonner*, 367 S.W.3d 603 (Ky. 2012) (adopting a recommendation to suspend an attorney for one-hundred-eighty days for practicing law during both his

---

[6] SCR 3.370(8) provides that "[i]f no notice of review is filed by either party, the Court may notify Bar Counsel and Respondent that it will review the decision. If the Court so acts, Bar Counsel and Respondent may each file briefs, not to exceed thirty (30) pages in length, within thirty (30) days, with no right to file reply briefs unless by order of the Court, whereupon the case shall stand submitted. Thereafter, the Court shall enter such orders or opinion as it deems appropriate on the entire record."

suspension for failing to meet CLE requirements and his separate suspension from the United States District Court for the Western District of Kentucky, and for failing to respond to Inquiry Commission's Complaint), and *Kentucky Bar Association v. Carter*, 986 S.W.2d 448 (Ky. 1999) (suspending an attorney for one-hundred-eighty days for having practiced law while under suspension for non-compliance with CLE requirements, and for his failure to respond to the Inquiry Tribunal's Complaint). Furthermore, a one-hundred-eighty day suspension falls within the range of discipline voted for by a closely split Board.

Thus, it is hereby ORDERED that:

1. Brian Patrick Curtis is suspended from the practice of law for one-hundred-eighty days.

2. Pursuant to SCR 3.390, Curtis shall, within ten days from the entry of this Opinion and Order: (a) notify, in writing, all clients of his inability to represent them, and of the necessity and urgency of promptly retaining new counsel; (b) notify, in writing, all courts in which he has matters pending of his suspension from the practice of law; (c) provide a copy of all such letters of notification to the Office of Bar Counsel; and (d) to the extent possible, immediately cancel and cease any advertising activities in which he is engaged.

3. Curtis shall re-attend and successfully complete EPEP, successful completion of which requires receiving a passing score on the exam given at the end of the program, within one year of this Order. The

requirement to attend this program is separate from and in addition to any other CLE requirements imposed by Court rule or order.

4. Curtis may not apply for CLE credit of any kind for the KBA's ethics program. Curtis must furnish a release and waiver to the OBC to review his records in the CLE department that might otherwise be confidential, with such release to continue in effect for one year after completion of the ethics program to allow the OBC to verify that none of the hours are reported for CLE credit.

5. In accordance with SCR 3.450, Curtis shall pay all costs associated with these proceedings, said sum being $507.14, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: June 19, 2014.

_____

CHIEF JUSTICE