TO BE PUBLISHED

# Supreme Court of Kentucky

## 2016-SC-000664-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                          IN SUPREME COURT

THOMAS STEVEN POTEAT                                  RESPONDENT

## OPINION AND ORDER

Thomas Steven Poteat was admitted to practice law on April 23, 1980. Poteat's bar roster address is 611 Frederica Street, Owensboro, KY 42301 and his KBA No. is 55363.

Pursuant to Supreme Court Rule (SCR) 3.210 a disciplinary matter came before the Board of Governors (the Board) of the Kentucky Bar Association (KBA) as a default case. The Board recommends that Poteat be suspended from the practice of law "for one year, with that suspension to be served consecutive to any current suspension," and that Poteat be ordered to pay the costs of this proceeding in the amount of $520.09. Finding sufficient cause to do so, we accept the Board's recommendation.

### I. BACKGROUND

Phillip and Kimberly Fogle purchased a log home from Alan and Dorothy Cunningham. The Fogles alleged that the Cunninghams had fraudulently hidden various defects in the home. On August 14, 2013, Poteat filed suit on

behalf of the Fogles. On January 23, 2014, Poteat was suspended from the practice of law for failure to comply with CLE requirements. That suspension remains in effect.

Poteat did not advise the Fogles of his suspension, and he continued to represent them in court: filing pleadings; attending depositions; and negotiating a settlement. At or near the time of the settlement, Poteat asked the Fogles to execute a "Release of All Claims" relieving him of liability for any damages the Fogles may have suffered as a result of Poteat's representation of them in the Cunningham litigation. Despite the Fogles's refusal to sign the release, which would have foreclosed any legal malpractice claims by the Fogles, Poteat paid them $47,000.

Thereafter, the Fogles filed a bar complaint, which the KBA served on Poteat along with a request for a response. Poteat did not respond and the Inquiry Commission issued a six-count Charge. Count I charged Poteat with violating SCR 3.130(1.4)(a)(5), which states that "[a] lawyer shall . . . consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law." Count II charged Poteat with violating SCR 3.130(5.5)(a), which states that "[a] lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so." Count III charged Poteat with violating SCR 3.130(5.5)(b)(2), which states that "[a] lawyer who is not admitted to the practice in this jurisdiction shall not . . . hold out to the public or

2

otherwise represent that the lawyer is admitted to practice law in this jurisdiction." Count IV charged Poteat with violating SCR 3.130(8.4)(a), which states that "[i]t is professional misconduct for a lawyer to . . . violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another." Count V charged Poteat with violating SCR 3.130(8.4)(c), which states that "[i]t is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Count VI charged Poteat with violating SCR 3.130(8.1)(b), which states that "a lawyer . . . in connection with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from [a] disciplinary authority." The KBA served the preceding Charge on Poteat, and he, again, did not respond.

Thereafter, the Board took this matter under consideration. Three members of the Board recused and the remaining 17 members voted to find Poteat guilty of Counts I, II, V, and VI but not guilty of Count IV. As to Count III, 14 members voted to find Poteat guilty, and 3 members voted to find him not guilty. After making the preceding findings, the Board considered Poteat's prior disciplinary history. In 1995, Poteat received a private reprimand for misrepresenting to his client that he had refiled a civil action and for denying that he had made the misrepresentation when questioned by the KBA. In 2009, Poteat received a private reprimand for: failing to file a workers' compensation claim on behalf of a client and for making misrepresentations to the client about the filing; and for making misrepresentations to a client about

3

the status of a civil action. In 2014, Poteat was suspended from the practice of law for failing to comply with CLE requirements. Fifteen members of the Board voted to recommend suspending Poteat for one year while the remaining two members voted to recommend a five-year suspension. Both recommendations stated that any suspension should run consecutively to Poteat's current suspension.

In February 2017, after the Board made its recommendation in this case, Poteat received a private reprimand in a separate case. In that case, Poteat was disciplined for continuing to be listed as an attorney on his firm's letterhead, the firm's Facebook page, and on his personal LinkedIn page while suspended.

## II. ANALYSIS.

Having reviewed the record, we note that the evidence is unrebutted that: Poteat failed to advise the Fogles of his suspension; he continued to practice law despite his suspension; he held himself out to the court as being able to practice law while suspended; he paid the Fogles $47,000 in an attempt to foreclose a potential legal malpractice claim; he did not advise the Fogles that they should seek counsel with regard to the potential malpractice claim; and he failed to respond to all requests for information from the KBA. Therefore, we agree with and adopt the Board's findings that Poteat is guilty of Counts I, II, III, V, and VI. Furthermore, we note that there is no evidence that Poteat assisted or induced anyone to violate the rules of professional conduct;

4

therefore, we also agree with and adopt the Board's findings that Poteat is not guilty of Count IV.

We also agree with the Board's recommended sanction, which is consistent with discipline this Court has imposed in similar cases. In *Kentucky Bar Ass'n v. Carter*, 986 S.W.2d 448, 449 (Ky. 1999), this Court suspended an attorney from practicing law for failing to comply with CLE requirements. After entry of the order of suspension, the attorney continued to practice law. This Court then suspended the attorney for 180 days for his unauthorized practice of law and ran that suspension consecutive to his CLE deficiency suspension. In *Kentucky Bar Ass'n v. McDonner*, 367 S.W.3d 603 (Ky. 2012), the attorney, who had been suspended for failure to comply with CLE requirements, did not advise his clients of the suspension and continued to practice law for several months. Eventually, the attorney stopped communicating with his clients and did not respond to requests for information from the KBA. This Court, following the Board's recommendation, suspended the attorney for 181 days with the suspension to run consecutively to his then-current suspension. Finally, in *Hipwell v. Kentucky Bar Ass'n*, 267 S.W.3d 682, 682 (Ky. 2008), the attorney, who was in-house counsel for a health insurer, continued to act in that capacity for several years after being suspended for failure to pay bar dues. The Court granted the attorney's motion for a one-year suspension.

Although the general sanction for practicing law while suspended has been 180-181 days, we believe the more severe one-year suspension for Poteat is appropriate. In addition to practicing law while suspended, Poteat failed to

5

inform his clients of his suspension, misrepresented facts to his clients regarding their case, and attempted to induce them into waiving any potential legal malpractice claims without advising them they could and should seek counsel. Furthermore, as evidenced by Poteat's prior private reprimands, it appears that misrepresenting facts to his clients is part of a longstanding, although not frequently repeated, pattern.

ACCORDINGLY, IT IS ORDERED THAT:

1. Thomas Steven Poteat, KBA No. 55363, is found guilty of violating SCR 3.130(1.4)(a)(5), SCR 3.130(5.5)(a), SCR 3.130(5.5)(b)(2), SCR 3.130(8.4)(c), and SCR 3.130(8.1)(b);

2. Poteat is suspended from the practice of law for one year to run consecutively to his current suspension;

3. Pursuant to SCR 3.510(3), if Poteat seeks reinstatement at the expiration of his suspension, this matter shall be referred to the Character and Fitness Committee for proceedings under SCR 2.300;

4. If he has not already done so, Poteat shall, pursuant to SCR 3.390(b), notify, in writing, within ten days from the entry of this Opinion and Order, all courts in which he has matters pending and all clients he is currently representing of his inability to provide further legal services and provide the Office of Bar Counsel with a copy of all such notice letters, or certify that he has no active clients, whichever is applicable. To the extent possible, and to the extent he has not already done so,

Poteat must immediately cancel and cease any advertising activities in which he is engaged; and

5. Pursuant to SCR 3.450, Poteat is directed to pay the costs of this action, $520.09, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. Minton, C.J., Cunningham, Hughes, Keller, Venters and Wright, JJ., concur. VanMeter, J., concurs in part and dissents in part by separate opinion.

VANMETER, J., CONCURRING IN PART/DISSENTING IN PART: I concur in so much of the Opinion and Order as accepts the findings of guilt as to Poteat's violations. However, based on Poteat's prior disciplinary history, I respectfully dissent as to the sanction. My view is that the sanction imposed is insufficient. I would remand for further consideration of an appropriate sanction.

ENTERED: March 23, 2017.

CHIEF JUSTICE

7