TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2020-SC-000072-KB

DATE _9-1-2020_

_Karen Cobb_

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                          IN SUPREME COURT


MARK PATRICK NIEMI                                    RESPONDENT


## OPINION AND ORDER

Mark Patrick Niemi, Kentucky Bar Association (KBA) Number 87573, was admitted to the practice of law in the Commonwealth of Kentucky on October 20, 1998, and his bar roster address is listed as 33318 Coldstream Drive, Lexington, Kentucky, 40514. The Board of Governors recommends this Court find Niemi guilty of violating SCR 3.130-3.4(c), 5.5(a), 5.5(b)(2), and 8.1(b). For these violations, the Board voted 17-0 to recommend Niemi be suspended from the practice of law for 181 days to run consecutively to all current suspensions, directed to successfully complete the Ethics and Professionalism Enhancement Program (EPEP), and ordered to pay all associated costs. For the following reasons, we adopt the Board's recommendation.

## I. BACKGROUND

Niemi did not participate in the underlying proceedings; therefore, the matter is before this Court as a default case pursuant to SCR 3.210. Niemi failed to comply with continuing legal education requirements for the 2009-2010 educational year and was suspended on that basis in 2011. Niemi never sought reinstatement to the practice of law following that suspension. In spite of the suspension, in October 2018, Niemi sent a letter on letterhead reading "Mark Niemi Law Offices, P.S.C." In the letter, written to World of Beer, Niemi stated, "I represent Local Trivia Action in connection with their contract to provide trivia services to World of Beer." Niemi claimed his client was "entitled to $500.00 in trivia show fees following the World of Beer's cancellation of [the] agreement." Niemi asked World of Beer to contact him "to discuss a solution to this matter short of going to court." The KBA's Board of Governors also pointed out in its findings of fact that Niemi held himself out to be engaged in the practice of law on both his Facebook and LinkedIn pages.

In January 2019, the Office of Bar Counsel mailed a bar complaint via certified mail to Niemi's bar roster address of 33318 Coldstream Drive. The complaint was returned undelivered a month later. Following unsuccessful delivery at Niemi's bar roster address and further investigation, the Office of Bar Counsel discovered that Niemi's bar roster address was invalid. Office of Bar Counsel (through the United States Postal Service, Fayette County Sheriff's Department, and the Fayette County Property Valuation Administrator's office) determined that Niemi's correct address was actually 3318 (rather than 33318)

2

Coldstream Drive. As the Board noted, it appears that the postal service had also discovered Niemi's correct address and attempted delivery there, but was unsuccessful.

In April 2019, the Office of Bar Counsel transmitted the bar complaint to the Fayette County Sheriff's Office to attempt personal service on Niemi at his correct address. After twelve unsuccessful delivery attempts, the complaint was returned undelivered. Finally, in May 2019, Niemi was served with the complaint through service upon the KBA Executive Director pursuant to SCR 3.035(2).

The Inquiry Commission issued a four-count charge against Niemi in June 2019. The Disciplinary Clerk attempted service on Niemi at his correct address, but it was returned undelivered a month later. The Fayette County Sheriff's Office then attempted to personally serve Niemi on fourteen occasions but was unsuccessful. The Sheriff's Office returned the charge in September 2019, and service was completed upon the Executive Director pursuant to SCR 3.035(2).

The Inquiry Commission's charge asserted Niemi violated:

Count I: SCR 3.130(3.4)(c): "A lawyer shall not . . . knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

Count II: SCR 3.130(5.5)(a): "A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so."

Count III: SCR 3.130(5.5)(b)(2): "A lawyer who is not admitted to practice in this jurisdiction shall not . . . hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction."

3

<u>Count IV</u>: SCR 3.130(8.1)(b): "[A] lawyer in connection with . . . a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from an administrative or disciplinary authority, except that this Rule does not require disclosures of information otherwise protected by Rule 1.6."

## II. BOARD'S RECOMMENDATION

The Board voted unanimously (17-0) to find Niemi guilty as to Counts I, II, and IV. It found Niemi guilty on Count III by a vote of 11-6. The Board considered Niemi's prior disciplinary history in determining its recommended sanction in this matter. Niemi's prior discipline includes the suspension still in effect for failure to comply with CLE requirements for the 2009-2010 educational year. Niemi also received a thirty-day suspension (to run consecutively to the CLE suspension) for violating SCR 3.130-1.4(a), 1.16(d), and 8.1(b). That sanction also included a requirement for Niemi to complete EPEP. When Niemi had not completed EPEP in the given time, Niemi was privately admonished after being found to have violated this Court's order for "failing to attend and complete [EPEP], failing to pay the costs of the disciplinary case, and . . . continuing to practice law following his administrative and disciplinary suspensions."

After considering Niemi's disciplinary history, the Board voted unanimously to recommend Niemi be suspended from the practice of law for 181 days, to run consecutively to any current suspensions, that he be required to successfully complete EPEP prior to reinstatement, and that he pay the costs of this disciplinary action.

4

## III. ANALYSIS

The current case comes before this Court upon the filing of the *Findings of Fact, Conclusions of Law, and Recommendation of the Board of Governors.* Pursuant to SCR 3.370(7), after the Board of Governors files its decision with the Disciplinary Clerk, either Bar Counsel or the Respondent may file a Notice for the Court to review the case. If no notice of review is filed by either party (as is the case here), this Court has two options: 1) under SCR 3.370(8), we may inform Bar Counsel and Respondent that we will review the decision and thus order them to file briefs; or 2) under SCR 3.370(9) we may enter an order adopting the decision of the Board. Based on our precedent, we adopt the decision of the Board pursuant to SCR 3.370(9).

As to Count I of the Inquiry Commission charge, we agree that Niemi violated SCR 3.130-3.4(c) when he knowingly disobeyed this Court's orders. We also agree that Niemi violated SCR 3.130-5.5(a) when he practiced law while he was suspended from the practice of law in the Commonwealth of Kentucky. As to Count III, we agree with the majority of the Board's voting members and find Niemi violated SCR 3.130-5.5(b)(2) when he held out to the public that he was admitted to the practice of law in Kentucky through use of his letterhead and the content of his Facebook and LinkedIn profile pages. Finally, we agree with the Board's findings as to Count IV. Niemi violated SCR 3.130-8.1(b) when he failed to participate in the disciplinary process in the current case.

5

We also agree that the Board's recommended sanction of a 181-day suspension from the practice of law to run consecutively to any current suspensions, requirement to successfully complete EPEP, and order to pay the costs associated with these proceedings is appropriate and in line with our precedent. For example, in *Kentucky Bar Ass'n v. Thornsberry*, 414 S.W.3d 408 (Ky. 2013), we suspended Thornsberry from the practice of law for 181 days. We had previously suspended Thornsberry from the practice of law for failing to pay his bar dues, but he continued to practice law by writing opposing counsel on his law office's letterhead, emailing a status update regarding discovery to opposing counsel, participating in depositions, and filing a motion with a court. Thornsberry had also failed to update his bar roster address.

In another case, *Kentucky Bar Ass'n v. Curtis*, 437 S.W.3d 716 (Ky. 2014), we suspended Curtis for 181 days. Curtis had, like Niemi, been suspended for failing to comply with CLE requirements. In spite of his suspension, Curtis continued to file re-docketing request forms with district court. Also like Niemi, Curtis failed to respond to the disciplinary complaint and formal charge against him, failed to reside at his bar roster address, and falsely held himself out to the public as being licensed to practice law.

# IV. ORDER

Agreeing that the Board's recommended sanction is appropriate, it is ORDERED that:

1. Mark Patrick Niemi is found guilty of violating SCR 3.130-3.4(c), SCR 3.130-5.5(a), SCR 3.130-5.5(b)(2), and SCR 3.130-8.1(b); and

2. Niemi is suspended from the practice of law in the Commonwealth of Kentucky for 181 days. The suspension imposed by this order shall be served consecutive to any other suspensions; and

3. Niemi is ordered to attend, at his expense, the next scheduled Ethics and Professionalism Enhancement Program (EPEP) offered by the Office of Bar Counsel, separate and apart from his fulfillment of any continuing legal education (CLE) requirement, within twelve months after the issuance of this Order; Niemi must pass the test given at the end of the program and will not apply for CLE credit of any kind for his participation in the EPEP program; and Niemi will furnish a release and waiver to the Office of Bar Counsel to review his records of the CLE Department that might otherwise be confidential, such release to continue in effect until after he completes his remedial education; and

4. Pursuant to SCR 3.390, Niemi shall, within ten days from the entry of this Opinion and Order, notify all Kentucky clients, in writing, of his inability to represent them; notify, in writing, all Kentucky courts in which he has matters pending of his suspension from the practice of

7

law; and furnish copies of all letters of notice to the Office of Bar Counsel of the KBA. Furthermore, to the extent possible, Niemi shall immediately cancel and cease any advertising activities in which he is engaged; and

5. In accordance with SCR 3.450, Niemi is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $376.80, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 20, 2020.

_____
CHIEF JUSTICE

8