TO BE PUBLISHED

# $\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$ FINAL

## 2016-SC-000216-KB

DATE 9/7/16 K. Redmon DC

KENTUCKY BAR ASSOCIATION                                        MOVANT

V.                                  IN SUPREME COURT

CHRISTINA ROSE EDMONDSON                               RESPONDENT
KBA MEMBER NO. 91597

## OPINION AND ORDER

Christina Rose Edmondson was admitted to practice law on October 9, 2006. Edmondson's bar roster address is P.O. Box 191, Hebron, KY 41048, and her KBA number is 91597.

Pursuant to Supreme Court Rule (SCR) 3.210 a number of disciplinary matters came before the Board of Governors (the Board) of the Kentucky Bar Association (KBA) as default cases. The Board recommended that Edmondson be suspended from the practice of law for 180 days; that she be required to attend the Ethics and Professional Enhancement Program (EPEP) prior to reinstatement; that she reimburse a former client in the amount of $500.00; and that she pay the costs of this proceeding in the amount of $538.66. Finding sufficient cause to do so, we accept, with modification, the Board's recommendation.

## I. BACKGROUND.

The charges against Edmondson arose from incidents reported in three separate KBA files.

### A.    KBA File No. 22850.

The Inquiry Commission of the KBA received allegations that Edmondson was engaged in unprofessional conduct. Pursuant to SCR 3.160(2), the Commission conducted an investigation and discovered that Edmondson had noticed the deposition of Lee Jacobs for May 22, 2014. On that date, the court reporter placed Mr. Jacobs under oath and Edmondson questioned him regarding demographic and other background information. Edmondson then permitted a paralegal to complete the deposition. Based on its investigation, the Commission issued a Complaint advising Edmondson of the allegations and requesting that she provide additional information. The Boone County Sheriff served the Complaint on Edmondson. She did not respond.

The Commission then issued a Charge against Edmondson, alleging that she violated: SCR 3.130(5.5)(a), which states that "a lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so;" and SCR 3.130(8.1)(b), which states that a lawyer shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority." The Boone County Sheriff served the Charge on Edmondson. She did not respond.

**B.      File No. 23568.**

In March 2015, the Office of Bar Counsel received a complaint from Tanya Ray, who alleged that she asked Edmondson to assist with recovering $7,593.00 from the City of Covington. Ms. Ray gave Edmondson an advance fee in the amount of $500.00, which included $180.00 for the filing fee, and she agreed to pay Edmondson a percentage of whatever was recovered from the City. Edmondson never took any action against the City, and she did not respond to Ray's numerous requests for information.

The Commission mailed a copy of the complaint to Edmondson. Someone other than Edmondson signed for the complaint so the Commission forwarded the complaint to the Boone County Sheriff for service. When the sheriff was unable to serve Edmondson, the Commission served the Executive Director of the KBA pursuant to SCR 3.175. The Director mailed a copy of the complaint to Edmondson. Edmondson did not respond. The Commission then prepared a three count Charge, alleging that Edmondson violated: (1) SCR 3.130(1.3) for failing to "act with reasonable diligence and promptness in representing a client;" (2) SCR 3.130(1.4)(a)(2) by failing to "consult with [her] client about the means by which the client's objectives are to be accomplished;" and (3) SCR 3.130(1.4)(a)(4) by failing to "promptly comply with reasonable requests for information." The Commission attempted to serve Edmondson with the Charge, but was unsuccessful. Therefore, it served the Executive Director, who was also unsuccessful in serving Edmondson. The Commission then submitted this matter to the Board.

## C.    File No. 23684.

Marcy Miller and Keith Rings retained Edmondson to represent them in two matters in Clermont County, Ohio. Miller and Ring, dissatisfied with Edmondson's representation, filed a complaint with the KBA alleging that Edmondson misrepresented the amount of work she had performed, failed to make court appearances, did not take appropriate action to protect their interests, and did not respond to requests for information. Miller and Ring also alleged that Edmondson, who had been evicted from her office, failed to pay them $22,000.00 for office furnishings and décor they had provided to her. The Commission mailed a copy of the complaint to Edmondson, but someone other than Edmondson signed the return receipt card. The Commission then forwarded the complaint to the Boone County Sheriff for service; however, the sheriff was not able to serve Edmondson. The Commission then served the Executive Director of the KBA, who mailed a copy of the complaint to Edmondson. Again, someone other than Edmondson signed the return receipt card. Edmondson did not respond to the complaint.

Based on the preceding, the Commission issued a four count Charge against Edmondson alleging that she violated: (1) SCR 3.130(1.3) by failing to "act with reasonable diligence and promptness in representing a client;" (2) SCR 3.130(1.4)(a)(2) by failing to "reasonably consult with the client about the means by which the client's objectives are to be accomplished;" (3) SCR 3.130(1.4)(a)(4) by failing to "promptly comply with reasonable requests for information;" and (4) SCR 3.130(8.4)(c) by "engag[ing] in conduct involving

4

dishonesty, fraud, deceit or misrepresentation." The Commission mailed the Charge to Edmondson and, when she did not respond, the Commission served the Executive Director. The Executive Director mailed the Charge to Edmondson. Again, she did not respond, and the Commission then submitted this matter to the Board.

**D.    Prior Discipline.**

On January 15, 2016, Edmondson was suspended from the practice of law for non-payment of her 2015-16 bar dues and for failure to obtain sufficient CLE credits for the 2014-15 educational year.

**E.    Proceedings by the Board.**

On January 15, 2016, the Board considered the Charges against Edmondson. Two of the nineteen members present recused. The remaining seventeen members voted unanimously to find Edmondson guilty of all counts in File Nos. 22850 and 23568, and of the first three counts in File No. 23684. Six of the members present voted to find Edmondson not guilty of the fourth count in File No. 23684 while the remaining eleven members voted to find her guilty of that count. Thus a majority of the members voted to find Edmondson guilty of all counts. Thirteen members recommended a suspension of 180 days with attendance and completion of EPEP and payment of $500.00 to Ray as conditions. The remaining four members recommended a suspension of 181 days with the only condition being payment of $500.00 to Ray. All members recommended that Edmondson be held responsible for payment of the costs associated with this action.

5

## II. ANALYSIS.

Having reviewed the record, and noting Edmondson's failure to respond, we agree with and adopt the Board's findings that Edmondson is guilty of the charged offenses. Furthermore, we agree, for the most part, with the Board's recommended discipline. As noted above, Edmondson is currently under suspension for failing to comply with CLE requirements and failing to pay bar dues. The Board did not address whether its recommended 180-day suspension and Edmondson's current suspension should run concurrently or consecutively. We hold that the two suspensions should run consecutively.

In *Kentucky Bar Ass'n v. Carter*, 986 S.W.2d 448, 449 (Ky. 1999) this Court suspended an attorney from practicing law for failing to comply with CLE requirements. After entry of the order of suspension, the attorney continued to practice law. This Court then suspended the attorney for 180 days for his unauthorized practice of law and ran that suspension consecutive to his CLE deficiency suspension. Edmondson's conduct herein – misrepresenting the status of cases to her clients, failing to respond to her clients, permitting a paralegal to practice law, and retaining a fee when no work had been performed – merits discipline consistent with that imposed in *Carter*. Therefore, we adopt the Board's recommendation that Edmondson be suspended for 180 days, that she reimburse Ray in the amount of $500.00, that she attend and complete EPEP, and that she pay the costs associated with this action.

ACCORDINGLY, IT IS ORDERED THAT:

6

1. Christina Rose Edmondson, KBA Number 91597, is found guilty of violating SCR 3.130(5.5)(a) and SCR 3.130(8.1)(b) as set out in KBA File No. 22850; SCR 3.130(1.3); SCR 3.130(1.4)(a)(2); and SCR 3.130(1.4)(a)(4) as set out in KBA File No. 23568; and SCR 3.130(1.3); SCR 3.130(1.4)(a)(2); SCR 3.130(1.4)(a)(4); and SCR 3.130(8.4)(c) as set out in KBA File No. 23684;

2. Edmondson is suspended from the practice of law for 180 days to run consecutively with her current suspension. That is to say, the 180–day suspension we impose today shall not begin to run until such time as Edmondson, upon compliance with the continuing legal education requirements of SCR 3.661 and payment of bar dues, applies for and is granted reinstatement from her previous suspension;

3. Pursuant to SCR 3.510(2), Edmondson's 180-day suspension shall expire by its own terms upon the filing with the Clerk and Bar Counsel of an affidavit of compliance with the terms of the suspension, unless Bar Counsel files an opposition to the termination of suspension with the Inquiry Commission pursuant to SCR 3.510(2);

4. Edmondson must, at her expense, attend and successfully complete the KBA Ethics and Professional Enhancement Program within one year of the date of this Opinion and Order. Edmondson will not apply for CLE credit of any kind based on her attendance at said Program and must furnish a release and waiver to the Office of Bar Counsel to review her records with the CLE Commission for one year from the completion of

said Program to verify that she has not reported any hours to the CLE Commission based on her attendance;

5. If she has not already done so, Edmondson is directed to promptly return all file materials in her possession or control to each of her prior clients involved in these charges;

6. Edmondson shall make restitution to Ms. Ray in the amount of $500.00;

7. If she has not already done so, Edmondson shall, pursuant to SCR 3.390(b), notify, in writing, within ten days from the entry of this Opinion and Order, all courts in which she has matters pending and all clients she is currently representing of her inability to provide further legal services and provide the Office of Bar Counsel with a copy of all such notice letters, or with a certification that she has no active clients, whichever is applicable. To the extent possible and to the extent she has not already done so, Edmondson must immediately cancel and cease any advertising activities in which she is engaged; and

8. Finally, pursuant to SCR 3.450, Edmondson is directed to pay the costs of this action, $538.66, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 25, 2016.

_____
CHIEF JUSTICE

8