CORRECTED: DECEMBER 15, 2016
TO BE PUBLISHED

# Supreme Court of Kentucky



2016-SC-000388-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                          IN SUPREME COURT

CHRISTINA ROSE EDMONDSON                           RESPONDENT

## OPINION AND ORDER

Christina Rose Edmondson was admitted to practice law on October 9, 2006. Edmondson's bar roster address is 1720 Petersburg Road, Ste. 102, P.O. Box 191, Hebron, KY 41048, and her KBA number is 91597.

Pursuant to Supreme Court Rule (SCR) 3.210 a number of disciplinary matters came before the Board of Governors (the Board) of the Kentucky Bar Association (KBA) as default cases. The Board recommended that Edmondson be suspended from the practice of law for 181 days, "to run concurrent with pending discipline;" and that she be ordered to pay the costs of this proceeding in the amount of $672.21. Finding sufficient cause to do so, we accept the Board's recommendation.

# I. BACKGROUND

The charges against Edmondson arose from incidents reported in two separate KBA files.

## A.  KBA File No. 23921.

In March 2014, Paula Jones retained Edmondson to pursue a breach of contract claim. Edmondson filed suit in May 2014, to which the defendant filed a *pro se* response. Thereafter, Edmondson filed a motion for summary judgment. The court granted that motion on the issue of liability but reserved on the issue of damages. When Edmondson filed a motion to set for trial on the issue of damages, the defendant, who had retained counsel, filed a motion to set aside the summary judgment. The court granted that motion, and the defendant propounded written discovery, to which neither Jones nor Edmondson responded. The court ultimately issued an order compelling a response, and Jones retained new counsel. As of the time the KBA filed its Findings of Fact, the case had not been resolved.

On August 3, 2015, Jones filed a Bar Complaint against Edmondson alleging that Edmondson had failed to respond to numerous phone calls and emails. The KBA investigated the allegations and the Inquiry Commission issued a three count Charge, alleging that Edmondson violated: Supreme Court Rule (SCR) 3.130(1.3) by failing to "act with reasonable diligence and promptness in representing a client;" SCR 3.130(1.4)(a)(4) by failing to "promptly comply with reasonable requests for information;" and SCR 3.130(1.16)(d) for failing to "take steps . . . to protect a client's interests" upon

2

termination of representation. The KBA has attempted to serve Edmondson with this Charge numerous times both by certified mail and personally through the sheriff's office. However, all attempts to do so have been futile, and Edmondson has not responded to the Charge.

## B. KBA File No. 23950.

In December 2013, Kim Childress retained the Deters and Partners, PSC law firm to represent her regarding a loan dispute with Bank of America. Childress signed two contracts with the Deters firm, both naming Edmondson as the responsible attorney. One of the contracts, which did not reference the type of matter at issue, provided that the law firm would receive one-third of any recovery. The second contract, which stated the work involved recovery of damages related to a loan modification, provided for Childress to pay a non-refundable retainer of $2,000 in installments and to pay one-third of any amount recovered. Childress paid $1,500 of the retainer.

Childress had no direct contact with Edmondson after executing the engagement contracts. However, Childress was advised that suit had been filed, when that was not the case. Furthermore, Edmondson, without notifying Childress, left the Deters firm and took Childress's file with her.

In May 2015, Childress discharged Edmondson and retained new counsel. Childress's new counsel filed a complaint with the KBA on behalf of Childress in August 2015.

Following an investigation, the Inquiry Commission issued a five count Charge alleging that Edmondson violated: SCR 3.130(1.3) by failing to "act with

reasonable diligence and promptness in representing a client;" SCR 3.130(1.4)(a)(4) by failing to "promptly comply with reasonable requests for information;" SCR 3.130(1.5) by making "an agreement for . . . an unreasonable fee; SCR 3.130(1.16)(d) for failing to "take steps . . . to protect a client's interests" upon termination of representation; and SCR 3.130(8.4)(c) for engaging "in conduct involving dishonesty, fraud, deceit or misrepresentation." All attempts to serve Edmondson with this Charge failed, and she has not responded to the Charge.

## C. Prior Discipline.

On January 15, 2016, Edmondson was suspended from the practice of law for non-payment of her 2015-16 bar dues and for failure to obtain sufficient CLE credits for the 2014-15 educational year. On August 25, 2016, this Court suspended Edmondson, with conditions, for 180 days to run consecutive to her January 15, 2016, suspension. That suspension arose from charges that are similar to the charges herein and involved conduct that occurred during the same general timeframe. *See Kentucky Bar Association v. Edmondson,* 493 S.W.3d 835 (Ky. 2016).

## D. Proceedings by the Board.

On July 20, 2016, the KBA Board of Governors considered the current Charges against Edmondson. The Board voted unanimously to find Edmondson guilty of all counts in File No. 23950 and of the last two counts in File No. 23921. Fourteen of the members voted to find her guilty of the first count in File No. 23921, while five voted to find her not guilty of that count. As

4

to recommended discipline, the Board voted unanimously to suspend Edmondson from the practice of law for 181 days, with fourteen members voting to run that discipline concurrent with Edmondson's then-pending discipline, and the other five voting to run the suspensions consecutively.

## II. ANALYSIS.

Having reviewed the record, and noting Edmondson's failure to respond, we agree with and adopt the Board's findings that Edmondson is guilty of the charged offenses. Furthermore, we agree with the Board's recommended discipline. As noted above, Edmondson is currently under suspension for failing to comply with CLE requirements and failing to pay bar dues. She is also serving a consecutive 180 day suspension pursuant to our order of August 25, 2016. *Edmondson*, 493 S.W.3d at 837. Because the charges in this current case arose during the same general timeframe and are similar to the transgressions in the prior case, Edmondson's conduct herein merits discipline consistent with that previously imposed. Therefore, we adopt the Board's recommendation that Edmondson be suspended for 181 days to run concurrently with her current suspensions. Additionally, we adopt the Board's recommendation that Edmondson be required to pay the costs associated with this action.

ACCORDINGLY, IT IS ORDERED THAT:

1. Christina Rose Edmondson, KBA Number 91597, is found guilty of violating SCR 3.130(1.3), SCR 3.130(1.4)(a)(4), and 3.130(1.16)(d), as set

out in KBA File No. 23921; and of violating SCR 3.130(1.3); SCR 3.130(1.4)(a)(4); SCR 3.130(1.5); SCR 3.130(1.16)(d); and SCR 3.130(8.4)(c) as set out in KBA File No. 23950;

2. Edmondson is suspended from the practice of law for 181 days to run concurrently with her current suspensions;

3. Pursuant to SCR 3.510(3), at the expiration of Edmondson's 181-day suspension, this matter shall be referred to the Character and Fitness Committee for proceedings under SCR 2.300;

4. If she has not already done so, Edmondson is directed to promptly return all file materials in her possession or control to each of her former clients involved in these charges;

5. If she has not already done so, Edmondson shall, pursuant to SCR 3.390(b), notify, in writing, within ten days from the entry of this Opinion and Order, all courts in which she has matters pending and all clients she is currently representing of her inability to provide further legal services and provide the Office of Bar Counsel with a copy of all such notice letters, or with a certification that she has no active clients, whichever is applicable. To the extent possible and to the extent she has not already done so, Edmondson must immediately cancel and cease any advertising activities in which she is engaged; and

6. Finally, pursuant to SCR 3.450, Edmondson is directed to pay the costs of this action, $672.21, for which execution may issue from this Court

6

upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: December 15, 2016.

_____

CHIEF JUSTICE

7

# Supreme Court of Kentucky

2016-SC-000388-KB

KENTUCKY BAR ASSOCIATION                                          MOVANT

V.                                    IN SUPREME COURT

CHRISTINA ROSE EDMONDSON                                    RESPONDENT
KBA NO. 91597

## ORDER

On the Court's own Motion, this Court hereby modifies the Opinion and Order signed by Chief Justice Minton and entered on December 15, 2016 in the above-styled case by the substitution of a new Opinion and Order as attached hereto in lieu of the Opinion and Order as originally entered. Said correction does not affect the holding and is made only to reflect a typographical error on page 6, line 22.

ENTERED: December 15, 2016.

_____
CHIEF JUSTICE