TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

DATE 6/25/19 Kim Redmon, DC

2019-SC-000110-KB

KENTUCKY BAR ASSOCIATION                                 MOVANT

V.                          IN SUPREME COURT

KIMBERLY SHAWN GEVEDON                          RESPONDENT

## OPINION AND ORDER

Kimberly Shawn Ison Gevedon was admitted to practice law on October 13, 1995. Gevedon's bar roster address is P.O. Box 216, West Liberty, KY 41472, and her KBA number is 86102.

Pursuant to Supreme Court Rule SCR 3.210, a number of disciplinary matters came before the Board of Governors (the Board) of the Kentucky Bar Association (KBA) as default cases. The Board recommended that Gevedon be suspended from the practice of law for 181 days; that she return the file and refund a former client in the amount of $1,304.00; that she return the file and refund another former client in the amount of $4,000.00; that she refund another former client in the amount of $981.00; that she return the file to

another former client; and that she pay the costs of this proceeding in the amount of $1,354.35. Finding sufficient cause to do so, we accept the Board's recommendation.

## I. BACKGROUND

### A. KBA File 17-DIS-0167

Kimberly Ratliff retained Gevedon to represent her in a contested divorce action. Ratliff paid a retainer to Gevedon of $1,500. Gevedon filed a Petition for Dissolution of Marriage on September 9, 2015. In response to a number of inquiries from Ms. Ratliff about the fact that the divorce action was not moving, Gevedon claimed to have been experiencing various health issues. In April of 2016, opposing counsel filed a motion for a final hearing which was set for June 6, 2016, at 10:30 a.m. Gevedon filed a motion to continue the final hearing and noticed it for June 6, 2016, at 9:00 a.m. She notified Ms. Ratliff that she would not need to appear. Neither Gevedon nor Ratliff appeared on June 6, and the motion to continue was denied. The divorce decree was entered on June 10, 2016. Ms. Ratliff terminated Gevedon's services, requested a refund of the retainer less the amount paid for the filing fee and hired a new attorney who pursued her pro se motion to vacate the decree. The retainer was never returned nor was the file provided to Ms. Ratliff.

The Complaint in this matter was served on Gevedon on May 19, 2017. Beginning the day her response to the complaint was due, Gevedon asked for and received two continuances from Bar Counsel because her mother had a knee replacement and a subsequent setback. Gevedon then asked for a third

2

continuance because she had been dealing with personal health issues and hospitalized a couple of times. On September 9, 2017, Bar Counsel informed Gevedon that any further continuance would only come by way of a motion filed with the Inquiry Commission. No motion or response was filed.

The Commission then issued a Charge against Gevedon, alleging that she violated: SCR 3.130(1.3), which states that "a lawyer shall act with reasonable diligence and promptness in representing a client;" SCR 3.130(1.4)(a)(3), which states that "a lawyer shall keep the client reasonably informed about the status of the matter;" SCR 3.130(1.16)(d), which states that "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as...surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred;" and SCR 3.130(8.1)(b), which states that a lawyer in connection with a disciplinary matter, shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority." The Charge was personally served on Gevedon by the Morgan County Sheriff's Department on March 20, 2018. She did not file an Answer to the Charge, and the Commission submitted the matter to the Board.

## B. KBA File 17-DIS-0326

Marsha Cox (formerly Ball) hired Gevedon in April 2014 to represent her in a divorce action. Ms. Cox paid $4,000 to Gevedon which included $1,750 for the taking of three depositions. The Petition for Dissolution of Marriage was

filed in May of 2014. After the court entered an order joining Ms. Cox's parents as indispensable parties, Gevedon filed a motion to alter, amend or vacate the order on June 20, 2015. She noticed it to be heard on July 6, 2015, but failed to appear on that date. The court denied the motion. Gevedon then filed a motion to set aside the court's order claiming that she thought the hearing had been continued because opposing counsel had filed a motion requesting a continuance. On July 15, 2015, the court granted the motion to set aside the prior order and set the matter for hearing on August 17, 2015. That hearing was continued multiple times to allow Gevedon to take depositions.

On May 10, 2016, opposing counsel moved for a protective order to prevent the taking of the husband's deposition and for attorney's fees because Gevedon had scheduled and then canceled three prior depositions. At least one of these cancellations was due to a death in her family. The motion was to be heard on May 16, 2016. On May 16, Gevedon filed a motion to continue the hearing already scheduled for that day and to continue the final hearing, which had been scheduled for June 13. She noticed them for the same day but did not appear. The court granted opposing counsel's motion for a protective order and attorney's fees.

Gevedon then filed a motion to set aside the May 16 order and noticed it for hearing on June 30. During this time period, Gevedon provided two doctors' notes to opposing counsel and the trial court excusing her from work for two weeks each. On June 13, the court rescheduled the final hearing for July 12. Gevedon failed to appear at the June 30 hearing that she had set on her own

4

motion. On or about July 9, she sent Ms. Cox a text message saying that the July 12 final hearing had been canceled. This hearing, in fact, had not been canceled, and the court denied the motion to set aside the May 16 order and conducted the final hearing without Gevedon or Ms. Cox being present. In September, Ms. Cox received a Facebook message from Gevedon admitting that she had been wrong about the cancellation of the July 12 hearing.

Gevedon subsequently filed an appeal of the findings and decree, paying $150 for the filing fee. She then failed to file a prehearing statement, so the Court of Appeals dismissed the appeal. Ms. Cox learned of the dismissal through a January 2017 letter from the court. Gevedon assured Ms. Cox that she would file appropriate papers to reinstate the appeal, but the appeal was finally dismissed on March 3, 2017, for failure to prosecute.

Ms. Cox requested her file on multiple occasions but did not receive it. She also did not receive a refund of the $1,750 that was earmarked for the taking of depositions which never occurred.

The Complaint in this matter was served on Gevedon via certified mail on September 13, 2017. Gevedon requested and received an extension of time to file a response because her basement flooded. She failed to file a response.

The Commission then issued a Charge against Gevedon, alleging that she violated: SCR 3.130(1.3), which states that "a lawyer shall act with reasonable diligence and promptness in representing a client;" SCR 3.130(1.4)(a)(3) and (4), which states that "a lawyer shall (3) keep the client reasonably informed about the status of the matter; and (4) promptly comply with reasonable

5

requests for information;" SCR 3.130(1.16)(d), which states that "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as...surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred;" and SCR 3.130(8.1)(b), which states that a lawyer in connection with a disciplinary matter, shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority." The Charge was personally served on Gevedon by the Morgan County Sheriff's Department on April 16, 2018. She did not file an Answer to the Charge, and the Commission submitted the matter to the Board.

## C. KBA File 18-DIS-0048

Dallas Sparks hired Gevedon on June 2, 2016, to file a civil action on his behalf over a right-of-way easement in Morgan County. Mr. Sparks paid Gevedon $981.00, which included a $750.00 attorney's fee and a combined filing fee and service fee of $231.00. It does not appear that any lawsuit was ever filed, and since the time he paid Gevedon, Mr. Sparks has been unable to get in touch with her and has received no information on the status of any lawsuit.

Gevedon was served with the bar complaint in this matter on April 18, 2018, by the Sheriff. She did not file a response.

The Commission then issued a Charge against Gevedon, alleging that she violated: SCR 3.130(1.3), which states that "a lawyer shall act with reasonable

6

diligence and promptness in representing a client;" SCR 3.130(1.4)(a)(3) and (4), which states that "a lawyer shall [3] keep the client reasonably informed about the status of the matter; and [4] promptly comply with reasonable requests for information;" SCR 3.130(1.16)(d), which states that "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as...surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred;" and SCR 3.130(8.1)(b), which states that a lawyer in connection with a disciplinary matter, shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority." Service of the Charge was completed by the Executive Director, pursuant to SCR 3.035(2), on August 28, 2018. The Charge was sent via certified mail to Gevedon's bar roster address and service address. Gevedon signed the certified mail cards at both addresses. She did not file an Answer to the Charge, and the Commission submitted the matter to the Board.

### D. KBA File 18-DIS-0094

Angelia Ross retained Gevedon to represent her in a contested divorce proceeding. There was no written fee agreement, but on May 10, 2016, Ms. Ross paid Gevedon $2,750, which included a $250.00 filing fee. Gevedon filed the petition for dissolution of marriage in the Wolfe Family Court in June of 2016. Neither Gevedon nor Ms. Ross appeared at scheduled court proceedings on December 20, 2016; July 11, 2017; or August 22, 2017. Gevedon did not

7

inform Ms. Ross of any of the aforementioned court dates but did assist her in drafting responses to discovery requests and the client's verified disclosure statement. Gevedon and Ms. Ross did attend a July 6, 2017 informal settlement conference.

Gevedon met with Ms. Ross only twice in twenty-two (22) months and while Ms. Ross communicated with Respondent by text message on numerous occasions, she was unable to obtain acceptable answers to her questions about the status of her case.

Gevedon was suspended from the practice of law on January 19, 2018, for non-payment of dues for the 2017-2018 fiscal year and for failure to comply with the minimum CLE requirements for the 2016-2017 educational year. She did not inform Ms. Ross that she had been suspended. After learning from another source in March 2018 that Gevedon had been suspended, Ms. Ross requested a return of her file. The file has not been returned.

Service of the Complaint was accomplished by service on the Executive Director on July 16, 2018. The Executive Director then sent the Complaint to Gevedon by certified mail both to her bar roster address and to her service address. Gevedon signed the certified mail cards at both addresses – one on July 18 and the other on July 31. No response has been submitted.

The Commission then issued a Charge against Gevedon, alleging that she violated: SCR 3.130(1.3), which states that "a lawyer shall act with reasonable diligence and promptness in representing a client;" SCR 3.130(1.4)(a)(3) and (4), which states that "a lawyer shall [3] keep the client reasonably informed

8

about the status of the matter; and [4] promptly comply with reasonable requests for information;" SCR 3.130(1.4)(b), which states that "a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation;" SCR 3.130(1.16)(d), which states that "Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as...surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred;" SCR 3.130(5.5)(a) which states that "a lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction;" and SCR 3.130(8.1)(b), which states that a lawyer in connection with a disciplinary matter, shall not "knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority." Service of the Charge was completed via certified mail on October 11, 2018. She did not file an Answer to the Charge, and the Commission submitted the matter to the Board.

**E. Prior Discipline**

On May 23, 2012, Gevedon was issued a private admonition for her violations of SCR 3.130(1.3), (1.4)(a) and (b), (1.16)(d), and (3.4)(c).

On June 22, 2012, Gevedon was issued a private admonition with conditions for her violations of SCR 3.130(1.3), (1.4)(a)(3) and (4), and (1.16)(d). The conditions were that she refund a $357 fee and attend and successfully complete the Ethics and Professionalism Enhancement Program.

9

On May 23, 2013, Gevedon was suspended for 30 days for violating SCR 3.130(1.3), (1.4)(a)(3) and (4), (1.16)(d), (8.1)(b), and (8.4)(c). In addition, she was ordered to pay $750.00 in restitution to the client and to contact KYLAP for assessment.

On July 20, 2015, Gevedon was issued a private admonition with conditions for violating SCR 3.130(1.3), (1.4)(a)(3) and (4), and (1.16)(d). The condition imposed was that she refund $800.00 to the client.

On January 19, 2018, Gevedon was administratively suspended for nonpayment of dues for the 2017-2018 fiscal year and for noncompliance with the minimum CLE requirements for the 2016-2017 educational year. As of February 19, 2019, that suspension was still in place.

Additionally, the Board charged Gevedon with eight aggravating factors, including dishonest or selfish motive and a pattern of misconduct.

## F. Mitigating Factors

On January 17, 2019, one day before the Board was set to consider these matters, Gevedon emailed Deputy Bar Counsel, stating that she had failed to respond to the charges because she had experienced two strokes and three parathyroid tumors which were surgically removed. She asked to be permitted to voluntarily self-surrender her license to practice law. However, pursuant to SCR 3.480(1), a member is permitted to withdraw from practice only when there are no pending complaint or charge files against the member. Because the charge files were pending, she had the option of filing a Motion to Resign Under Terms of Permanent Disbarment under SCR 3.480(3). No additional

10

communication was received by the Office of Bar Counsel prior to presentation of the cases to the Board.

## G. Proceedings by the Board

On January 18, 2019, the Board considered the Charges against Gevedon. Seventeen members considered the charges and voted unanimously to find Gevedon guilty of all counts in KBA Files 17-DIS-0167, 17-DIS-0326, and 18-DIS-0048. In KBA File 18-DIS-0094, the seventeen members voted unanimously to find Gevedon guilty of Counts I through IV and Count VI. Three members voted to find her guilty of Count V, while fourteen members voted to find her not guilty of that count. In total, the Board voted unanimously to find her guilty in seventeen Counts.

The Board of Governors further recommended that Gevedon be suspended for a period of 181 days and be required to do the following:

In KBA File 17-DIS-0167: Return the file and refund $1,304.00;

In KBA File 17-DIS-0326: Return the file and refund the $4,000.00 fee;

In KBA File 18-DIS-0048: Refund the $981.00 fee; and

In KBA file 18-DIS-0094: Return the file.

Further, the Board recommended that Gevedon be held responsible for payment of the costs associated with this action.

## II. ANALYSIS.

Having reviewed the record, and noting Gevedon's failure to respond, we agree with and adopt the Board's findings that Gevedon is guilty of all counts in KBA Files 17-DIS-0167, 17-DIS-0326, and 18-DIS-0048 and of Counts I

11

though IV and Count VI in KBA File 18-DIS-0094. We find Gevedon not guilty of Count V in KBA File 18-DIS-0094. Furthermore, we agree, for the most part, with the Board's recommended discipline. As noted above, Gevedon is currently under suspension for failing to comply with CLE requirements and failing to pay bar dues. The Board did not address whether its recommended 181-day suspension and Gevedon's current suspension should run concurrently or consecutively. We hold that the two suspensions should run consecutively.

In *Kentucky Bar Ass'n v. Edmondson*, 493 S.W.3d 835, 838 (Ky. 2016) this Court suspended an attorney from practicing law for allowing a paralegal to practice law, failing to respond to a disciplinary authority, failing to act with reasonable diligence and promptness in representing a client, and engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, among other violations. This Court ordered that her 180-day suspension run consecutively to her suspension for failure to pay dues and comply with CLE requirements.

Gevedon's conduct here merits discipline consistent with *Edmondson*. Therefore, we adopt the Board's recommendation that Gevedon be suspended for 181 days, return the file and refund $1,304.00 to Kimberly Ratliff, return the file and refund $4,000.00 to Marsha Cox, refund $981.00 to Dallas Sparks, return the file to Angelia Ross, and pay the costs associated with this action.

12

ACCORDINGLY, IT IS ORDERED THAT:

1) Kimberly Shawn Ison Gevedon, KBA Number 86102, is found guilty of violating SCR 3.130(1.3), SCR 3.130(1.4)(a)(3), SCR 3.130(1.16)(d), and SCR 3.130(8.1)(b) as set out in KBA File 17-DIS-0167;

2) Gevedon is found guilty of violating SCR 3.130(1.3), SCR 3.130(1.4)(a)(3) and (4); SCR 3.130(1.16)(d), and SCR 3.130(8.1)(d) as set out in KBA File 17-DIS-0326;

3) Gevedon is found guilty of violating SCR 3.130(1.3), SCR 3.130(1.4)(a)(3) and (4), SCR 3/130(1.16)(d), and SCR 3.130(8.4)(b) as set out in KBA File No. 18-DIS-0048;

4) Gevedon is found guilty of violating SCR 3.130(1.3), SCR 3.130(1.4)(a)(3) and (4), SCR 3.130(1.4)(b), SCR 3.130(1.16)(d), and SCR 3.130(8.1)(b) as set out in KBA File 18-DIS-0094. She is found not guilty of violating SCR 3.130(5.5)(a) in KBA File 18-DIS-0094;

5) Gevedon is suspended from the practice of law for 181 days to run consecutively with her current suspension. That is to say, the 181-day suspension we impose today shall not begin to run until such time as Gevedon, upon compliance with the continuing legal education requirements of SCR 3.661 and payment of bar dues, applies for and is granted reinstatement from her previous suspension;

6) Pursuant to SCR 3.510(3), at the expiration of Gevedon's 181-day suspension, this matter shall be referred to the Character and Fitness Committee for proceedings under SCR 2.300;

13

7) If she has not already done so, Gevedon is directed to promptly return all file materials in her possession or control to each of her prior clients involved in these charges;

8) Gevedon shall make restitution to Ms. Ratliff in the amount of $1,304.00;

9) Gevedon shall make restitution to Ms. Cox in the amount of $4,000.00;

10) Gevedon shall make restitution to Mr. Sparks in the amount of $981.00;

11) If she has not already done so, Gevedon shall, pursuant to SCR 3.390(b), notify, in writing, within ten days from the entry of this Opinion and Order, all courts in which she has matters pending and all clients she is currently representing of her inability to provide further legal services and provide the Office of Bar Counsel with a copy of all such notice letters, or with a certification that she has no active clients, whichever is applicable. To the extent possible and to the extent she has not already done so, Gevedon must immediately cancel and cease any advertising activities in which she is engaged; and

12) Finally, pursuant to SCR 3.450, Gevedon is directed to pay the costs of this action, $1,354.35, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: JUNE 13, 2019.

CHIEF JUSTICE

14