TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

DATE 11|13|19 JK

2019-SC-000412-KB

KENTUCKY BAR ASSOCIATION                                        MOVANT

V.                          IN SUPREME COURT

CASSIDY ANN TEATER                                        RESPONDENT

## OPINION AND ORDER

Cassidy Ann Teater was admitted to the practice of law in the Commonwealth of Kentucky on July 30, 2012. Her Kentucky Bar Association (KBA) member number is 94855, and her last known roster address is P.O. Box 986, Nicholasville, KY 40356.

Under Supreme Court Rule (SCR) 3.210, this disciplinary matter came before the KBA Board of Governors (Board) as a default case. The Board unanimously recommended that Teater be found guilty of violating SCR 3.130(1.1); SCR 3.130(1.3); SCR 3.130(1.4)(a)(3); SCR 3.130(1.4)(a)(4); and SCR 3.130(8.1)(b), as reflected in Counts I-V filed against her. The Board further recommended that Teater be suspended from the practice of law for 30 days to run consecutively with her current suspension for CLE deficiency; that she be

referred to the Kentucky Lawyer Assistance Program (KYLAP); that she be required to attend and successfully complete Bar Counsel's Ethics and Professionalism Enhancement Program (EPEP); and that she pay the costs incurred in this action. After careful consideration we agree with and adopt the Board's recommendations.

## I. BACKGROUND

### A. KBA FILE 18-DIS-0263

Jesus Landeros hired Teater on October 19, 2015, to represent him in a deportation matter in the United States Immigration Court in Memphis, Tennessee. Teater and Mr. Landeros entered into a retainer agreement wherein Mr. Landeros paid Teater $5,700.00 for the representation.

A hearing on the deportation matter was held on December 1, 2015. Teater failed to prepare Mr. Landeros for any potential questions he might have been asked during cross-examination. She also failed to call one of Mr. Landeros' character witnesses who was present at the hearing. Instead, Teater called Mr. Landeros' 13-year-old son to testify, without first preparing him to do so. Following the hearing Teater did not return Mr. Landeros' phone calls, text messages, or emails, and did not inform him of the results of the deportation hearing.

Because of this conduct Mr. Landeros filed a bar complaint against Teater in September 2018. Teater did not file a response to the complaint or participate in the underlying proceedings.

The KBA's Inquiry Commission issued a five count Amended Charge

against Teater based on Mr. Landeros' bar complaint and asserted Teater violated: **(1)** SCR 3.130(1.1) by failing to provide competent representation to Mr. Landeros because she did not prepare him for the hearing, failed to call his witness, and failed to prepare his son for his testimony; **(2)** SCR 3.130(1.3) by failing to act with reasonable diligence in the representation because she did not advise her client of the outcome of the deportation hearing in a timely manner; **(3)** SCR 3.130(1.4)(a)(3) by failing to keep Mr. Landeros reasonably informed about the status of the matter by not explaining the outcome of the hearing to him; **(4)** SCR 3.130(1.4)(a)(4) by failing to promptly comply with Mr. Landeros' reasonable requests for information because she did not return his phone calls and messages requesting information about the outcome of the deportation hearing; and **(5)** SCR 3.130(8.1)(b) by failing to respond to the bar complaint against her after being served with a copy of the complaint and receiving notification that failure to respond could result in additional charges.

Teater was served with the Amended Charge on April 6, 2019, but she did not file an answer. The Inquiry Commission therefore submitted the matter to the Board.

## B. PRIOR DISCIPLINE

On June 15, 2017, Teater was issued a Private Admonition for violating SCR 3.130(1.4)(a)(3) and SCR 3.130(1.16)(d).

On September 15, 2017, Teater was issued a Private Admonition for violating SCR 3.130(1.3) and SCR 3.130(3.4)(c).

On January 19, 2018, Teater was suspended for CLE deficiency.

3

## C. PROCEEDINGS BY THE BOARD

On July 23, 2019, the Board considered the current charges against Teater, her prior disciplinary history, mitigating factors, and applicable law. It voted unanimously to recommend that she be found guilty of Counts I-V as alleged in the Amended Charge. As for recommended discipline, it voted 11-10[1] to recommend she receive a 30-day suspension from the practice of law (to run consecutively with her current suspension for CLE deficiency), that she be referred to KYLAP and required to attend and successfully complete Bar Counsel's EPEP. Finally, that she be required to pay the costs incurred in this action, $174.15.

## II. ANALYSIS

Having reviewed the record, and noting Teater's failure to respond, we agree with and adopt the Board's recommendation that Teater be found guilty of Counts I-V of the Amended Charge. Further, we adopt the Board's recommended discipline in full.

In *Kentucky Bar Ass'n v. Turnbull*, 31 S.W.3d 926 (Ky. 2000), this Court found an attorney guilty of failing to act with reasonable diligence and promptness in representing his client, and failing to keep his client reasonably informed and to promptly comply with reasonable requests for information (SCR 3.130(1.3) and SCR 3.130(1.4)(a), respectively). *Id.* at 927. The charges stemmed from a representation in a divorce proceeding wherein the attorney failed to file exceptions to an order that his client asked him to file, and thereafter did not respond to any of his client's questions about the case. *Id.*

---

[1] The Board alternatively considered a public reprimand.

This Court found a 30-day suspension proper based on the attorney's guilt under the two counts. *Id.* Because of the similarity of the conduct and charges in this case, we likewise hold that a 30-day suspension is a proper punishment.

Further, in *Kentucky Bar Ass'n v. Gevedon*, 574 S.W.3d 739, 745 (Ky. 2019), the Board recommended a 181-day suspension for an attorney who, like Teater, was already suspended for failing to comply with CLE requirements. However, the Board in *Gevedon* failed to address whether the 181-day suspension and the attorney's current suspension should run concurrently or consecutively. *Id.* This Court held *sua sponte* that the two suspensions should run consecutively. *Id.* Therefore, we hold Teater's 30-day suspension should run consecutively with her current suspension for CLE deficiency, as the Board recommended.

Accordingly, it is hereby ORDERED:

1. Cassidy Ann Teater is hereby found guilty of violating Count I, SCR 3.130(1.1); Count II, SCR 3.130(1.3); Count III, SCR 3.130(1.4)(a)(3): Count IV, SCR 3.130(1.4)(a)(4); and Count V, SCR 3.10(8.1)(b) of the Amended Charge.

2. Cassidy Ann Teater is suspended from the practice of law in the Commonwealth of Kentucky, for a period of thirty days (to run consecutively with her current suspension); is referred to KYLAP; and is required to attend and successfully complete the EPEP program.

3. The costs of this proceeding, including amounts incurred after the

consideration and vote of the Board, as calculated and certified by the Disciplinary Clerk, in the amount of $174.15, are hereby assessed against the Respondent

All sitting.  All concur.

ENTERED:  October 31, 2019.

CHIEF JUSTICE